OFFICE AND PROFESSIONAL EMPLOYEES INTERNATIONAL UNION LOCAL 2, AFL–CIO, Acting as organization and representative plaintiff for all those similarly situated, and Julia A.J. Adams, et al., individual plaintiffs, acting for themselves and for all others similarly situated, Plaintiffs,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for The National Bank of Washington, Defendant.

Civ. A. No. 91–0795.

United States District Court,
District of Columbia.

Sept. 11, 1991.

David R. Levinson, Washington, D.C., Joseph E. Finley, Baltimore, Md., for plaintiffs.

Kenneth I. Jonson, Washington, D.C., for defendant.

## MEMORANDUM

GESELL, District Judge.

The amended complaint in this action is brought by the captioned Union on behalf of 172 named former employees of the National Bank of Washington, now in receivership, and others similarly situated. By order dated July 24, 1991, the Court denied plaintiffs' motion to certify the class, and in so doing, held that the union was not a proper class representative. Since then, plaintiffs have filed a motion to reconsider the Court's holding that the union was not a proper class representative, as well as a second motion to certify a class. Defendants have filed a motion to dismiss Count III of the amended complaint—an action under the Worker Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. § 2101 et seq. All three of the motions have been fully briefed and argued.

### Plaintiff's Motion to Reconsider the Union As Class Representative

The union in its motion to reconsider urges the Court that the union has standing to sue as the result of its role as the employees' collective bargaining agent, and that further, it is a proper class representative. As support for its position, the union cites Automobile Workers v. Brock, 477 U.S. 274, 106 S.Ct. 2523, 91 L.Ed.2d 228 (1986) and Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977), the Supreme Court cases in which a three-part test for associational standing was developed. Under those cases,

> an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the inter-

ests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

Hunt, 432 U.S. at 343, 97 S.Ct. at 2441. The Court finds that the union does not satisfy the third prong of the test. As the 9th Circuit has pointed out, "The courts that have addressed this issue have consistently held that claims for monetary relief necessarily involve individualized proof and thus the individual participation of association members, thereby running afoul of the third prong of the Hunt test." United Union of Roofers v. Insurance Corporation of America, 919 F.2d 1398, 1400 (9th Cir.1990).[1] In the instant case, money is the only issue. The workers claim various benefits that were allegedly denied them when the defendant FDIC shut down their former employer, the National Bank of Washington. Each person is due a different amount of money, and each person's participation is therefore required.

In regard to the union's role as class representative, the Court need merely repeat its holding, expressed in its earlier denial, that the Union's interests are not similar enough to those of its members to allow it to serve as a proper class representative. Judge Richey has ruled in an earlier version of this case that the union could not properly serve as class representative and this Court remains persuaded by his reasoning.[2] Of course, the union may continue to be involved in this litigation, depending on the scope of its authorization from certain of the remaining plaintiffs; it simply may not serve as a named plaintiff in the class action.

### Plaintiffs' Second Motion to Certify a Class

In light of the Court's earlier ruling on certification of a class, plaintiffs have

---

1. The Court would further distinguish Brock on the ground that the statute in Brock, namely 19 U.S.C. § 2271–73, specifically authorized the union to act as a representative, whereas in the current action, the statute directs that the claimant apply. See 12 U.S.C. § 1821.

2. Plaintiffs have appealed Judge Richey's decision on this issue to the D.C. Circuit. The Court recognizes that the decision of the appellate court may have an impact on the current proceedings, and thus will request that the process be expedited to the extent possible.

filed a motion for certifying a reconstituted class, and defendant has submitted its own proposed class. The difference between the two proposed classes is that plaintiffs seek to include in their class those employees who neither filed in their individual capacities as creditors of the National Bank of Washington, nor gave power of attorney to the union to file on their behalf. As noted above, the statute contemplates that each claimant would file with the receiver—as opposed to having a representative file a general claim on behalf of a large group of unnamed claimants.[3] Moreover, FDIC specifically informed the union that its group filing was insufficient because the union did not have power of attorney to so file on behalf of the employees. The union's argument that it was a proper and sufficient representative of its members for purposes of creditor filings with FDIC even without a power of attorney is belied by the fact that many employees filed individual claims despite the group filing from the union, and by the fact that the union did receive powers of attorney from 158 of the 372 employees. The failure of the other employees to file with FDIC can only be the result of neglect or disinterest. In addition to giving its usual publication notice, FDIC sent individual letters to each employee informing them that they had to file their claim with FDIC by November 30, 1990, together with supporting details of the claim as well as a Proof of Claim form; and also, FDIC specifically put the union on notice that more was required than a mere group filing. At least for purposes of certifying a class, the Court cannot say that those employees who did not file individually or give the union a power of attorney are in the same position as those employees who did. As a result, the Court finds that the most appropriate class pursuant to Federal Rule of Civil Procedure 23(b)(3) would be the one proposed by the defendant: namely, those employees of the National Bank of Washington as of August 10, 1990 subject to the collective bargaining agreement between the National Bank of Washington and the union who either timely filed individual claims with FDIC or gave the union a power of attorney that was filed with FDIC by November 30, 1990.

### Defendant's Motion to Dismiss Count III

In Count III of their amended complaint, plaintiffs seek wages and benefits for the sixty days following the closing of the National Bank of Washington, pursuant to WARN. Defendant seeks to dismiss this Count. Their most persuasive argument in favor of dismissal is that WARN does not apply to the closing of a bank by federal authorities. The Court agrees. When the federal authorities take over the bank and shut it down, there is no employer to give notice. The former bank owners do not own the bank; nor did they close the bank. Moreover, the federal government is precisely not an employer if it is shutting the bank down. As a result, the plaintiffs' Count III must be dismissed for failure to state a claim.

An appropriate Order is filed herewith.

### ORDER

For the reasons stated in the accompanying Memorandum, the issues having been fully briefed and argued in open court, it is hereby

ORDERED that plaintiffs' Motion for Reconsideration and Withdrawal of Memorandum and Order of July 24, 1991 is denied; and it is further

ORDERED that plaintiffs' Second Motion for Class Certification is denied; and it is further

ORDERED that a class is certified pursuant to Federal Rule of Civil Procedure 23(b)(3) consisting of individuals (1) employed by the National Bank of Washington as of August 10, 1990, (2) subject to the collective bargaining agreement between the National Bank of Washington and the union, who (3) either filed individual claims with FDIC or gave the union a power of

---

**3.** It is significant to note that in the union's filing on behalf of the employees, it did not mention the employees by name.

attorney which was filed with FDIC by November 30, 1990; and it is further

ORDERED that defendant's Motion to Dismiss Count III of Plaintiffs' First Amended Complaint is granted.

